# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

WATANI PHINNES GLEASON,                    )
                                            )
                Petitioner,                     )
                                            )
v.                                          )          Case No. 19-CV-0157-JED-JFJ
                                            )
JANET DOWLING, Warden,[1]                   )
                                            )
                Respondent.                    )

## OPINION AND ORDER

Petitioner, a state inmate appearing *pro se*, commenced this action on March 21, 2019, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 1). Before the Court is Petitioner's motion for stay and abeyance of proceedings (Doc. 13), filed September 12, 2019. Respondent filed a response (Doc. 15) opposing the motion, and Petitioner filed a reply (Doc. 16). Petitioner also filed a notice (Doc. 17) demonstrating that he filed an application for postconviction relief in state court on November 27, 2019, to exhaust available state remedies as to two claims not included in his habeas petition. The Court construes Petitioner's motion as requesting both leave to file an amended petition and a stay of this habeas action pending the exhaustion of his new claims. So construed, and for the reasons stated below, the Court concludes that the motion shall be granted. Within 14 days from the entry of this order, Petitioner shall file an amended petition that includes the two claims from his original petition and the two claims he raised in the

---

[1] Because Petitioner is currently incarcerated at the Dick Conner Correctional Center (DCCC), in Hominy, Oklahoma, the Court substitutes the DCCC's warden, Janet Dowling, in place of Joe M. Allbaugh, former director of the Oklahoma Department of Corrections, as party respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note this substitution on the record.

application for postconviction relief he filed in state district court on November 27, 2019.  Because the amended petition will be a "mixed" petition, the Court further concludes that this habeas action shall be stayed from the date Petitioner files the amended petition until Petitioner provides written notice that the Oklahoma Court of Criminal Appeals (OCCA) has issued a decision in Petitioner's pending postconviction appeal, in Case No. PC-2020-141.

## I.     Background

Petitioner seeks federal habeas relief from the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2016-779.  Doc. 1, at 1.  In that case, a jury convicted Petitioner of first-degree murder (with malice aforethought), in violation of Okla. Stat. tit. 21, § 701.7, and recommended a sentence of life with the possibility of parole.  Doc. 1, at 1, 21.  The jury returned its verdict and sentencing recommendation in April 2017, and the trial court sentenced petitioner accordingly on May 31, 2017.  *Id.* at 1.

Represented by appellate counsel, Petitioner timely filed a direct appeal, raising two claims.  Doc. 1, at 2, 21.  He claimed (1) the trial court committed plain error by failing to instruct the jury on the lesser-included offense of first degree heat-of-passion manslaughter and (2) the trial court erred in failing to make an adequate record as to whether Petitioner knowingly and intelligently waived his right to have the jury instructed on the lesser-included offense.  *Id.* at 2, 21-22.  In an unpublished summary opinion, filed August 30, 2018, the OCCA rejected both claims and affirmed Petitioner's judgment and sentence.  *Id.* at 21-25.  Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.  *Id.* at 3.

Petitioner, proceeding *pro se*, filed the instant federal habeas petition on March 21, 2019. Doc. 1, at 1.  In the petition, he identifies two grounds for habeas relief, the same two claims he presented to the OCCA on direct appeal.  *Id.* at 5-18.  Respondent filed a response (Doc. 7) in

opposition to the petition on May 24, 2019, and submitted copies of the state court record (Docs. 7, 8, 10) necessary to adjudicate Petitioner's claims.  Petitioner did not file a reply.

On September 12, 2019, nearly six months after he filed his petition and nearly four months after Respondent filed a response, Petitioner filed the instant motion for stay and abeyance of proceedings (Doc. 13).  Respondent filed a timely response in opposition to the motion (Doc. 15) on September 30, 2019, and Petitioner filed an untimely reply (Doc. 16) on October 30, 2019.[2]

On January 2, 2020, Petitioner filed a "notice of state court filings and appeal of state order dismissing application for postconviction relief" (Doc. 17).  The notice shows that Petitioner filed an application for postconviction relief (PCRA) in the District Court of Tulsa County on November 27, 2019, raising two claims:  (1) that trial counsel was ineffective for failing to communicate with Petitioner about, and failing to adequately investigate, a possible defense based on Petitioner's history of mental illness and (2) that trial counsel was ineffective for advising Petitioner to "waive" lesser-included-offense instructions at trial.  Doc. 17, at 6-9, 11-13.  Petitioner's notice further reflects that the state district court, after receiving a response from the State, dismissed Petitioner's PCRA on December 16, 2019, finding that Petitioner waived both ineffective-assistance-of-trial-counsel claims by failing to raise them on direct appeal.  *Id.* at 14-21.  Petitioner submitted a notice of his intent to file a postconviction appeal to prison officials on December 31, 2019.  *Id.* at 2-3. The public docket sheet in Petitioner's state criminal case shows that the notice of appeal was filed in state district court on January 3, 2020.  *State v. Gleason*, Tulsa County District Court Case No. CF-2016-779,   https://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CV-2016-779&cmid=2918681, last visited June 1, 2020.  Petitioner's postconviction appeal is pending

---

[2] Ordinarily, a reply must be filed within 14 days of the response.  *See* LCvR7.2(h). Because Petitioner's reply is untimely, the Court will not consider new arguments raised therein.

before the OCCA in Case No. PC-2020-141. *Gleason v. State*, OCCA Case No. PC-2020-141,

https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2020-

141&cmid=127820, last visited June 2, 2020.

## II.    Discussion

Petitioner (1) requests a stay of this habeas action so that he may exhaust available state

postconviction remedies as to the two ineffective-assistance-of-trial-counsel claims he did not raise

on direct appeal and (2) seeks leave to file an amended petition to add those two claims once they

are exhausted.[3]  Doc. 13, at 1-3; Doc. 16, at 4-5; Doc. 17.  Respondent opposes the motion, arguing

that amendment would be futile because Petitioner's unexhausted claims lack potential merit and

that Petitioner has not made any of the showings necessary to obtain a stay under *Rhines v. Weber*,

544 U.S. 269 (2005).  Doc. 15.

### A.    Leave to amend

Petitioner's request to amend his petition to include new claims is governed by Fed. R. Civ.

P. 15.  *See* 28 U.S.C. § 2242 (providing habeas petitions "may be amended or supplemented as

provided in the rules of procedure applicable to civil actions"); *see also Mayle v. Felix*, 545 U.S.

644, 655-65 (2005) (discussing application of Rule 15 in habeas context).  Because Respondent

has already filed a response to the petition, Petitioner may not amend his petition without leave of

---

[3] Respondent suggests that Petitioner has not sought leave to amend his petition to include the claims that are currently pending in state court. Doc. 15, at 9-10 n.11. Although Petitioner has not filed a formal "motion for leave to amend" or submitted a proposed amended petition as required by LCvR9.2(c), it is clear from his motion to stay, his reply, and his notice of state court filings that the sole reason he seeks a stay of this habeas action is so that he may amend the petition to add the two, unexhausted ineffective-assistance-of-trial-counsel-claims. Doc. 13, at 3; Doc. 16, at 5; Doc. 17. The Court thus liberally construes his *pro se* motion as requesting both (1) leave to file an amended petition to add the two ineffective-assistance-of-trial-counsel claims that are currently pending in state court and (2) a stay pending the conclusion of his postconviction appeal. Doc. 13, at 3; Doc. 16, at 5.

court.  Fed. R. Civ. P. 15(a)(2).  A "court should freely give leave" to amend pleadings "when justice so requires."  *Id.*  But Rule 15(a) also permits a court "to deny a motion to amend because of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'"  *Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir. 1994) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In some habeas cases, a court must also consider the timing of the amendment.  Generally, an amendment can relate back to the original filing date if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  But the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) generally requires a state prisoner to file one federal habeas petition, that presents all federal claims challenging the constitutional validity of his or her state-court judgment, within one year of the date the judgment became final following the conclusion of direct review.  28 U.S.C. § 2244(d)(1)(A); *Felix*, 545 U.S. at 648, 654-56; *see also* 28 U.S.C. § 2244(b) (providing limited circumstances for state prisoner to file second or successive habeas petition under § 2254).  As a result, "[a]n amended habeas petition . . . does not relate back (and, thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  *Id.* at 650.  That the new ground for relief is related to the petitioner's trial and conviction is, by itself, insufficient to satisfy the relation-back principle.  *Id.*  Rather, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims."  *Id.* at 659.

Applying these principles, and for three reasons, the Court finds that Petitioner shall be

granted leave to promptly file an amended petition.[4]  First, petitioner filed his original petition, his motion to stay, and his notice of state court filings within the one-year limitation period provided in 28 U.S.C. § 2244(d)(1)(A).   Under that provision, Petitioner's conviction became final on November 29, 2018—90 days after the OCCA affirmed his state-court judgment and the time expired for filing a petition for writ of certiorari in the United States Supreme Court.  *See Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012) (discussing § 2244(d)(1)(A) and explaining that a state prisoner's judgment becomes final either "at the 'conclusion of direct review'—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari," or "at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires").   Thus, Petitioner's one-year limitation period commenced the next day, on November 30, 2018, and, absent statutory or equitable tolling, would have expired on November 30, 2019.  *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (discussing calculation of the AEDPA's one-year limitation period).

Petitioner filed his federal habeas petition on March 21, 2019, only four months after his one-year limitation period commenced.   That filing, however, did not toll the running of his limitation period.  *See* 28 U.S.C. § 2244(d)(2) (providing that one-year limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"); *Duncan v. Walker*, 533 U.S. 167, 181 (2001) (holding "that § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition").   Petitioner filed his PCRA in state district court on

---

[4] Respondent's only discernible argument against permitting Petitioner leave to amend appears to be that amendment would be futile because Petitioner's ineffective-assistance-of-trial-counsel claims lack potential merit.  Doc. 15, at 9-10 n.11.  Because the potential merit of the unexhausted claims is also relevant to Petitioner's request for a stay, the Court addresses Respondent's argument in the next section of this opinion and order.

November 27, 2019, before his one-year limitation period expired.  This filing did toll his one-year limitation period.  28 U.S.C. § 2244(d)(2); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").  However, Petitioner now has only three days remaining of his one-year limitation period.  Thus, if the Court does not permit Petitioner to promptly file an amended petition, Petitioner may lose the opportunity for federal habeas review of his new claims.  Specifically, if Petitioner waits until his new claims are exhausted to file an amended petition, his claims could be time-barred as they do not relate back to the claims in his original petition.  Even a cursory review of the original and new claims demonstrates that they do not share the same operative facts, as required by *Felix*.  *See* Docs. 1, 17.  For this reason, granting leave to file an amended petition now, rather than waiting until after the conclusion of Petitioner's postconviction appeal will better serve the interests of justice.

Second, given § 2244(b)'s strict requirements for filing a second habeas petition, the interests of justice will be better served by permitting Petitioner leave to file an amended petition and present all of his habeas claims in this habeas action.

Third, and finally, the Court finds that Respondent will not be prejudiced by granting Petitioner leave to file an amended petition to add his two ineffective-assistance-of-trial-counsel claims.  As the record demonstrates, Respondent has had notice of these claims since September 2019, when Petitioner filed his motion to stay.  And, as further discussed below, Respondent ably crafted arguments regarding the merits of those claims even before Petitioner fully clarified the exact nature of his claims in his January 2, 2020 notice of state court filings.

In sum, Petitioner's original habeas petition is timely and his one-year limitation period is currently tolled by statute while his postconviction appeal remains pending in the OCCA.  But

when the OCCA issues its decision, Petitioner will have only three days to file an amended petition raising timely new claims. Thus, absent leave to promptly file an amended petition that includes his original exhausted claims and his new unexhausted claims, Petitioner could lose the opportunity to assert the latter claims in a federal habeas petition, either because they will be time-barred or because he will not be able to make the showings required under § 2244(b) to assert them in a second habeas petition. And, because Respondent has had notice of, and has responded to the new claims, granting leave to amend will not prejudice Respondent. For these reasons, the Court grants Petitioner's request to file an amended petition.

Within **14 days** from the entry of this order, Petitioner shall file an amended petition that includes the two claims from his original petition **and** the two ineffective-assistance-of-trial-counsel claims he raised in the PCRA that he filed in state district court on November 27, 2019. Petitioner is advised that he may not include in the amended petition any additional unexhausted claims. Petitioner is further advised that the amended petition will replace the original petition. As a result, the amended petition **must** include any attachments or exhibits Petitioner submitted with the original petition, unless Petitioner no longer wants the Court to consider previously submitted attachments or exhibits, and **must** be on the court-approved form. The Clerk of Court shall mail to Petitioner one blank 28 U.S.C. § 2254 petition for writ of habeas corpus (form AO-241), marked "amended" and identified as Case No. 19-CV-0157-JED-JFJ. If Petitioner fails to file an amended petition, as directed in this order, the Court will consider only the two habeas claims included in the original petition.

### B. *Rhines* stay

In light of the fact that Petitioner's amended petition will include exhausted and unexhausted claims, Petitioner's request for a stay is governed by 28 U.S.C. § 2254(b)'s

exhaustion requirement and *Rhines*.  Section 2254(b) requires a state prisoner to exhaust federal claims in state court before seeking federal habeas relief as to those claims.  This exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Section 2244(d)(2)'s tolling provision aids state prisoners in meeting this requirement by tolling the one-year statute of limitations while the prisoner pursues available state remedies.  To further accommodate exhaustion of state remedies, *Rhines* held that a federal habeas court has discretion to stay a habeas proceeding when a petitioner timely files a "mixed" petition that includes both exhausted and unexhausted claims.  544 U.S. at 275-78; *see also Doe v. Jones*, 762 F.3d 1174, 1178-81 (10th Cir. 2014) (extending *Rhines* to cases involving timely habeas petitions that include only unexhausted claims).  However, a court should grant a stay only if it finds that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Rhines*, 544 U.S. at 278.

Respondent contends Petitioner fails to satisfy any of the *Rhines* requirements and urges the Court to deny his request for a stay.  Doc. 15.  The Court disagrees with Respondent's *Rhines* analysis.

Significantly, the timeline of Petitioner's efforts to seek federal habeas relief, as to both his original claims and his new claims, supports his assertion that he had good cause for failing to exhaust his new claims before filing his original petition and demonstrates that he has not intentionally engaged in dilatory litigation practices.  First, Petitioner filed his habeas petition in March 2019, only seven months after the OCCA decided his direct appeal.  This is consistent with his claim that a "legal research assistant" at the Davis Correctional Facility led him astray by

advising him to file his federal habeas petition before filing an application for postconviction relief in state court.  Doc. 13, at 1-2, 5.  And, contrary to Respondent's position, the Court finds that Petitioner's receipt of incorrect advice from a legal research assistant demonstrates good cause for his failure to exhaust available state remedies before filing his federal habeas petition.  Doc. 15, at 4.  Petitioner's situation differs from the garden-variety claims discussed in the cases Respondent cites where petitioners have requested stays of habeas actions based on more general allegations that they lack access to a law library, lack counsel, or are ignorant of the law.  *See* Doc. 15, at 4 (citing cases).  Here, Petitioner sought help from available legal resources at his place of incarceration and was told, incorrectly, that he should file his federal habeas petition before exhausting available state remedies.  Second, Petitioner filed the instant motion to stay less than one month after he was moved to the DCCC.  *See* Docs. 11, 13.  This supports his assertion that he learned, after his arrival at the DCCC that he should have first exhausted available state remedies.  Doc. 16, at 2 n.2.  And it shows that he wasted little time in trying to correct his procedural error.  Third, in apparent recognition that his one-year limitation period might expire before this Court issued a ruling on his request for a stay, Petitioner filed his PCRA in state district court on November 27, 2019—three days before his one-year limitation period would have expired.  On this record, the Court finds that Petitioner has been sufficiently diligent despite his difficulties in navigating the rough terrain of state postconviction and federal habeas procedures as a *pro se* prisoner.  The Court further finds that Petitioner has not intentionally engaged in dilatory litigation tactics and has demonstrated good cause to warrant a stay.

Respondent presents very thorough arguments to support her position that a *Rhines* stay is not warranted because Petitioner's unexhausted ineffective-assistance-of-trial-counsel claims lack

potential merit.  Doc. 15, at 5-9.[5]  But for purposes of considering whether to grant Petitioner's request for a stay, the question before the Court is not whether Petitioner will ultimately obtain relief as to his unexhausted claims, but rather whether those claims are "plainly meritless." *Rhines*, 544 U.S. at 277.  Accepting Petitioner's allegations in support of his unexhausted claims as true, *see* Doc. 17, at 6-9, 11-13, the Court cannot agree with Respondent that Petitioner's ineffective-assistance-of-trial-counsel claims "have no potential merit," *see* Doc. 15, at 9.  Moreover, given the procedural posture of Petitioner's state postconviction proceedings, the Court declines to accept Respondent's invitation to effectively adjudicate the merits of Petitioner's unexhausted claims before the OCCA has a chance to determine whether it should even reach the merits of those claims.  *See Rhines*, 544 U.S. at 273 ("[T]he interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims.").

Based on the foregoing, the Court finds that Petitioner has demonstrated circumstances warranting his request for a *Rhines* stay and the Court therefore grants his request.  As of the date Petitioner files his amended petition, this habeas action will be stayed pending the conclusion of Petitioner's postconviction appeal in the OCCA, Case No. PC-2020-141.  No later than **30 days** after the OCCA issues its decision in Case No. PC-2020-141, Petitioner shall file a motion in this Court (1) indicating that the OCCA issued its decision in his postconviction appeal and (2) requesting that the stay of this habeas action be lifted.  Petitioner shall submit with his motion a

---

[5] Respondent also notes, and the Court agrees, that Petitioner's unexhausted claims may be procedurally barred.  Doc. 15, at 5-6 n.8.  Petitioner's own notice shows that the state district court found Petitioner waived those claims by failing to raise them on direct appeal.  Doc. 17, at 19-20.  The OCCA may well affirm that ruling.  Or, it may not.  But, like Respondent, the Court questions whether it is appropriate to consider a potential procedural bar in determining whether to grant a stay.  *See* Doc. 15, at 6 n.8 (citing cases suggesting that whether a claim is procedurally barred may not be relevant to *Rhines* analysis).  As the Supreme Court instructed in *Rhines*, the Court will focus on whether Petitioner's unexhausted claims are "potentially meritorious."  544 U.S. at 278.

copy of the OCCA's decision.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.    The Clerk of Court shall note the substitution of Janet Dowling, in place of Joe M. Allbaugh, as party respondent.

2.    Petitioner's motion for stay and abeyance of proceedings (Doc. 13), construed as requesting leave to file an amended petition and requesting a stay of this habeas action, is **granted**.

3.    Within **14 days** from the entry of this order, Petitioner shall file an amended petition that includes the two claims from his original petition and the two ineffective-assistance-of-trial-counsel claims he raised in the application for postconviction relief that he filed in state district court on November 27, 2019.  No other claims shall be included in the amended petition.

4.    The Clerk of Court shall **mail** to Petitioner one blank 28 U.S.C. § 2254 petition for writ of habeas corpus (form AO-241), marked "amended" and identified as Case No. 19-CV-0157-JED-JFJ.

5.    If Petitioner fails to file an amended petition, as directed in this order, the Court will consider only those habeas claims included in the original petition.

6.    As of the date Petitioner files the amended petition, this habeas action shall be **stayed** pending the conclusion of Petitioner's postconviction appeal in the Oklahoma Court of Criminal Appeals, Case No. PC-2020-141.

7.    No later than **30 days** after the Oklahoma Court of Criminal Appeals issues its decision in Case No. PC-2020-141, Petitioner shall file a motion in this Court (1) indicating that the OCCA issued its decision in his postconviction appeal and (2) requesting that the

stay of this habeas action be lifted.   Petitioner shall submit with his motion a copy of

the OCCA's decision.

ORDERED this 18th day of June 2020.

JOHN E. DOWDELL. CHIEF JUDGE
UNITED STATES DISTRICT COURT