# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

**WATANI PHINNES GLEASON,**

       **Petitioner,**

**v.**                    **Case No. 19-CV-0157-SEH-JFJ**

**DAVID LOUTHAN, Warden,[1]**

       **Respondent.**

## OPINION AND ORDER

Petitioner Watani Phinnes Gleason, a self-represented prisoner serving a

life sentence for first-degree murder,[2] petitions for a writ of habeas corpus,

under 28 U.S.C. § 2254.[3]  He claims he is in state custody in violation of

---

[1] Gleason presently is incarcerated at the Lexington Correctional Center.  [ECF Nos. 41, 42].  The Court therefore substitutes the warden of that facility, David Louthan, in place of Janet Dowling, as party Respondent. Fed. R. Civ. P. 25(d); Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*.  The Clerk of Court shall note on the record this substitution.

[2] During portions of this federal habeas proceeding, Gleason has been represented by habeas counsel.  [ECF Nos. 23, 2428, 32, 35-36].  However, because Gleason filed the Amended Petition and Reply Brief [ECF Nos. 21, 39] without assistance of counsel, the Court liberally construes these filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] "When a federal district court reviews a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, it must decide whether the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991), *holding modified on other grounds by Martinez v. Ryan*, 566 U.S. 1 (2012).  The federal district court "does not review [the prisoner's criminal] judgment, but the lawfulness of the petitioner's custody *simpliciter*." *Id.*

federal law, under the criminal judgment entered against him in Tulsa County District Court Case No. CF-2016-779, because the trial court committed two trial errors related to instructing the jury on lesser included offenses and his trial counsel provided constitutionally deficient legal representation.  On consideration of the Amended Petition [ECF No. 21], the Response in Opposition to the Amended Petition [ECF No. 22], the Reply Brief [ECF No. 39], the record of state court proceedings [ECF Nos. 8, 10, and attachments to ECF Nos. 7 and 21], and applicable law, the Court finds and concludes that the Amended Petition shall be denied.

## I. Background

A Tulsa County jury found Gleason guilty of first-degree murder for fatally shooting Nathan Brooker in 2016 after the two argued outside a bar in Tulsa. [ECF No. 8-1 at 160-61, 172; ECF No. 7-2 at 6-15; ECF No. 22 at 5-10].  The jury recommended a sentence of life with the possibility of parole, and the trial court sentenced Gleason accordingly.  [ECF No. 8-1 at 160; ECF No. 8-11 at 3].  Represented by appellate counsel, Gleason directly appealed, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction and sentence.  [ECF No. 1 at 21-25].  The OCCA also affirmed the state district

court's denial of Gleason's first application for postconviction relief.  [ECF Nos. 22-1, 22-11].[4]

Gleason commenced this action in 2019, he filed the Amended Petition in 2020, and this federal habeas proceeding was stayed in 2021 so that Gleason could exhaust available state remedies through further state postconviction proceedings.  [ECF Nos. 1, 21, 26, 30].  This Court reopened the case in 2024, and Gleason confirmed his intent to proceed only on the three claims he raises in the Amended Petition.   [ECF Nos. 38, 39].[5]   First, he contends the trial court should have given a lesser included offense instruction on first-degree heat of passion manslaughter over his objection.  [ECF No. 21 at 4].  Second, he contends the trial court failed to make an adequate record regarding Gleason's waiver of his right to lesser included offense jury

---

[4] Gleason subsequently sought postconviction relief in state court but seeks habeas relief only as to claims raised on direct appeal and through his first application for postconviction relief.  [*See* ECF Nos. 21, 35, 38, 39].

[5] This Court more fully recounted the procedural history of this federal habeas proceeding in its prior order reopening the case.  [ECF No. 38].

instructions.  [*Id*. at 5-6].  Third, he contends he was denied his Sixth Amendment right to the effective assistance of counsel.  [*Id*. at 7-10].

Respondent urges the Court to deny the Petition for two reasons.[6]  First, Respondent contends Gleason's first two claims are not subject to federal habeas review and, even if these claims are construed as asserting federal due process claims, Gleason has not shown the alleged errors violated his right to due process.  [*Id*. at 15-29].  Second, Respondent contends Gleason's Sixth Amendment claim is procedurally barred because the OCCA denied it based on the independent and adequate state procedural rule of waiver.  [*Id*. at 29-38].

## II. Discussion

Federal courts have discretion to grant federal habeas relief to a state prisoner who shows he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *see also id*. § 2241(a), (c)(3), (d).  But that discretion is limited by provisions of the Antiterrorism

---

[6] Respondent concedes that Gleason exhausted available state remedies as to, and timely raised, the three claims in the Amended Petition.  [ECF No. 22 at 4]; *see* 28 U.S.C. §§ 2244(d)(1) (applicable statute of limitations), 2254(b)(1)(A) (requiring exhaustion of available state remedies).

and Effective Death Penalty Act of 1996 ("AEDPA") and decisions of the United States Supreme Court. Three of those limits are relevant here.

First, "it is only noncompliance with *federal* law" that provides the basis for a claim warranting federal habeas relief. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). Federal habeas relief ordinarily does not extend to errors arising from noncompliance with state law. *See id.* (reiterating that "federal habeas corpus relief does not lie for errors of state law" (citation and internal quotation marks omitted)). "A prisoner may seek relief, however, if a state law decision is so fundamentally unfair that it implicates federal due process." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017); *see, e.g.*, *Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir. 1995) ("A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial.").

Second, if a state court denies relief on a federal claim based on an independent and adequate state law ground, that claim is procedurally defaulted for purposes of federal habeas review. *Davila v. Davis*, 582 U.S. 521, 527 (2017); *Walker v. Martin*, 562 U.S. 307, 315 (2011). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker*, 562 U.S. at 315.

A state procedural rule is independent if it is "based solely on state law," *Thacker v. Workman*, 678 F.3d 820, 835 (10th Cir. 2012), and is adequate if it is "firmly established and regularly followed," *Walker*, 562 U.S. at 316 (quoting *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009)). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Third, if a state court denies relief on a federal claim after adjudicating the merits of that claim, "a federal court can grant habeas relief on the claim only if the state-court decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Black v. Workman*, 682 F.3d 880, 892 (10th Cir. 2012) (quoting 28 U.S.C. § 2254(d)(1), (2)). Applying § 2254(d) "requires the federal habeas court to 'train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims,' and to give appropriate

deference to that decision." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018) (cleaned up); *see Black*, 682 F.3d at 891 (10th Cir. 2012) (noting that, under the AEDPA, "a federal court in a § 2254 proceeding must be exquisitely deferential to the state court's resolution of the defendant's claims"). And, when § 2254(d)(1) applies, "*the* threshold question" for the federal habeas court is whether clearly established federal law, *i.e.*, "something akin to on-point holdings" of the Supreme Court, provides the legal principles governing the petitioner's federal claim. *House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008) (emphasis in original). Thus, "[w]hen a state court has applied clearly established federal law to reasonably determined facts in the process of adjudicating a claim on the merits, a federal habeas court may not disturb the state court's decision unless its error lies 'beyond any possibility for fairminded disagreement.'" *Shinn v. Kayer*, 592 U.S. 111, 112 (2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

With these legal principles in mind, the Court turns to Gleason's claims.

### A. Claims one and two: lesser included offense instructions

Gleason contends the trial court erred twice regarding its decision not to instruct the jury on lesser included offenses. Gleason argues, in claim one, that the trial court should have instructed the jury on the lesser included offense of first-degree heat of passion manslaughter "despite [Gleason's]

request that no lesser included offense instruction be given." [ECF No. 21 at 4]. Gleason argues, in claim two, that the trial court did not "make an adequate record that [Gleason] knowingly and intelligently waived his rights to lesser-included offense jury instructions." [*Id.* at 5-6].

Gleason raised both claims on direct appeal and the OCCA rejected them. As to the first claim, the OCCA noted that state law: (1) requires a trial court to "instruct on any lesser included offense warranted by the evidence," (2) permits a defendant to "waive instructions on lesser included offenses and opt for an 'all or nothing' strategy," and (3) permits a trial court to instruct the jury on any lesser included offenses "it believes to be supported by the evidence" over defendant's objection and "without any formal request by the State." [ECF No. 1 at 22-23]. After discussing the elements of first-degree heat of passion manslaughter, the OCCA concluded:

> The evidence did not support a finding that Gleason shot the victim without the design to effect death and in a heat of passion. An instruction on the lesser offense of first[-]degree heat of passion manslaughter was not warranted by the evidence and there was no error, plain or otherwise, in the trial court's failure to give this instruction.

[*Id.* at 23-24]. As to the second claim, the OCCA stated:

> Gleason was questioned by the trial judge and stated that he did not want the jury instructed on lesser included offenses. He argues on appeal that the trial court did not make an adequate record to show that his waiver was knowing and voluntary. As noted above, Gleason was not entitled to instructions on a lesser included

8

offense; the argument that his waiver was deficient is therefore moot.  Gleason's argument is without merit.

[*Id.* at 24].

### 1. Failure to instruct jury on lesser included offenses

Respondent contends, in part, that claim one is not reviewable because no clearly established federal law requires a state trial court to give lesser included offense instructions in a noncapital case.  [ECF No. 22 at 17-19]. The Court agrees.  In *Beck v. Alabama*, 447 U.S. 625, 627 (1980), the Supreme Court held that lesser included offense instructions are required in capital cases when the evidence supports them.  But the *Beck* Court declined to extend that same rule to noncapital cases.  447 U.S. at 638 n.14; *see also Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) (noting that neither the Supreme Court nor the United States Court of Appeals for the Tenth Circuit has "recognized a federal constitutional right to a lesser included offense instruction in non-capital cases").  The Tenth Circuit has therefore established "a rule of 'automatic non-reviewability' for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction."  *Dockins*, 374 F.3d at 938 (quoting *Chavez v. Kerby*, 848 F.2d 1101, 1103 (10th Cir. 1988)).  In addition, even in capital cases, the Tenth Circuit "has expressly and repeatedly held that 'a state prisoner seeking federal habeas relief may not prevail on a *Beck* claim as to a lesser included

instruction that he or she failed to request at trial.'" *Grant v. Trammell*, 727 F.3d 1006, 1012 (10th Cir. 2013) (quoting *Thornburg v. Mullin*, 422 F.3d 1113, 1126-27 (10th Cir. 2005), and gathering cases).

The Court also agrees with Respondent's alternative argument that, even if the Court liberally construes claim one as asserting that the omission of the unrequested jury instruction on first-degree heat of passion manslaughter rendered Gleason's trial fundamentally unfair, § 2254(d)(1) would bar relief. [ECF No. 22 at 19-23]. As previously stated, "[a] state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial." *Maes*, 46 F.3d at 984. By reviewing Gleason's first claim for plain error, the OCCA effectively applied the same "fundamental fairness" test that federal courts use to evaluate whether a trial error—like the omission of a jury instruction—deprived a state prisoner of due process. *See, e.g., Patton v. Mullin*, 425 F.3d 788, 807 (10th Cir. 2005) (viewing the OCCA's decision on habeas petitioner's claim that a given instruction "violat[ed] his federal due process right to a fair trial" as a state court decision applying "the federal due process standard" and considering whether the OCCA's decision was "unreasonable"); *cf. Thornburg*, 422 F.3d at 1125 (equating OCCA's plain error test to federal due process test in context

of habeas petitioner's claim that the admission of evidence deprived him of due process and reviewing OCCA's decision for "reasonableness" under § 2254(d)).

On the record presented, Gleason has not shown that the OCCA's decision to reject claim one is objectively unreasonable, either as a matter of law or a matter of fact. The OCCA acknowledged that, under state law, a trial court should instruct the jury on lesser included offenses if the evidence warrants the instructions, even if the defendant has, like Gleason, affirmatively declined to request those instructions. [ECF No. 1 at 22-24]. The OCCA then reasoned that no plain error occurred in Gleason's case because the evidence did not warrant giving an instruction on first-degree heat of passion manslaughter. [*Id.*]. Gleason suggests in his reply brief that he strongly disagrees with the OCCA's assessment of whether the evidence supported the instruction. [ECF No. 39 at 2-5]. However, having reviewed the trial transcripts, the Court finds no support for Gleason's apparent arguments that the OCCA either unreasonably applied the federal due process standard to the facts of this case or unreasonably determined the facts presented in state court when it adjudicated claim one. The Court thus denies the Amended Petition as to claim one.

## 2. Failure to make an adequate record on Gleason's waiver

Respondent contends, in part, that claim two is not reviewable because, in the absence of any clearly established federal law requiring a state court to give lesser included offense instructions in noncapital case, there is no clearly established federal law that "requires an adequate waiver of any perceived right to [the] same." [ECF No. 22 at 26-27]. In the alternative, Respondent contends claim two lacks merit, even if it is reviewable, because the trial court engaged in a "plainly adequate" colloquy with Gleason to determine that he knowingly and intelligently waived any state law right to request lesser included offense instructions. [*Id.* at 28-29]. Even assuming without deciding that claim two is subject to federal habeas review, the Court agrees with Respondent that this claim lacks merit. The trial transcript shows that the trial court questioned Gleason, outside the presence of the jury, about his decision to forgo lesser included offense instructions and that Gleason affirmatively stated under oath that he voluntarily made this decision after consultation with trial counsel. [ECF No. 8-9, Tr. Trial vol. 5, at 4-5]. On this record, Gleason has not shown that the OCCA's decision to reject claim two either involved an unreasonable application of clearly established federal

law or is based on an unreasonable determination of the facts.  The Court

thus denies the Amended Petition as to claim two.

### B. Claim three:  ineffective assistance of trial counsel

In his third and final claim, Gleason contends trial counsel performed

deficiently and prejudicially before and during trial, thereby depriving him of

his Sixth Amendment right to counsel.  [ECF No. 21 at 7-10].  The Sixth

Amendment provides that "[i]n all criminal prosecutions, the accused shall

. . . have the Assistance of Counsel for his defence."  U.S. Const. Amend. 6.

This provision of the Sixth Amendment, applicable to the states through the

Fourteenth Amendment, provides a criminal defendant with the right to the

effective assistance of counsel.  *See McMann v. Richardson*, 397 U.S. 759, 771

n.14 (1970) ("It has long been recognized that the right to counsel is the right

to the effective assistance of counsel."); *Gideon v. Wainwright*, 372 U.S. 335,

341-44 (1963) (reaffirming that the Sixth Amendment right to counsel is

applicable to the states through the Fourteenth Amendment's Due Process

Clause).  To establish that an attorney provided constitutionally inadequate

representation, a defendant must show:  (1) "that counsel's representation fell

below an objective standard of reasonableness"; and (2) "that there is a

reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different." *Strickland v. Washington*, 466

U.S. 668, 688, 694 (1984).

Gleason claims trial counsel performed deficiently by:  (1) failing to

investigate Gleason's history of mental illness and failing to use that history

as an affirmative defense; and (2) failing to adequately advise Gleason about

the consequences of waiving his right to lesser included offense instructions.

[ECF No. 21 at 7-10].  He alleges these deficiencies resulted in prejudice

because there was a reasonable probability that a jury properly instructed on

lesser included offenses and properly apprised of Gleason's mental health

history would have convicted him of a lesser included offense and imposed a

lesser sentence.  [*Id.* at 9-10].

Gleason presented this *Strickland* claim to the OCCA on postconviction

appeal, and the OCCA denied relief without addressing the merits.  The

OCCA agreed with the state district court's conclusion that Gleason waived

this claim by failing to raise it on direct appeal.  [ECF No. 22-6 at 1-2].

Respondent contends, in part, that claim three is procedurally barred

because the OCCA denied relief on the *Strickland* claim based on an

independent and adequate state procedural rule.  [ECF No. 22 at 29-34].  The Court agrees.[7]

As previously discussed, unless a prisoner can make certain showings, "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule."  *Martinez v. Ryan*, 566 U.S. 1, 9 (2012).  Here, the OCCA declined to hear Gleason's *Strickland* claim because it determined that Gleason did not abide by the state law rule that a claim that could have been raised on direct appeal is waived if it is not raised on direct appeal.  [ECF No. 22-6 at 1-2]; *see Logan v. State*, 293 P.3d 969, 973 (Okla. Crim. App. 2013) (citing Okla. Stat. tit. 22, § 1086 and prior state court decisions and stating, "issues that were not raised previously on direct appeal, but which could have been raised, are waived for further review"); *Coddington v. State*, 259 P.3d 833, 835 (Okla. Crim. App. 2011) ("The post-conviction process is not a second appeal.").

---

[7] For the reasons discussed next, the Court finds that claim three is procedurally defaulted and that Gleason has not made the showings to overcome the procedural default.  The Court thus declines to address Respondent's alternative argument that the *Strickland* claim fails on the merits.  [*See* ECF No. 22 at 34-38].

It is well-established that "Oklahoma's procedural rule barring post-conviction relief for claims petitioner could have raised on direct appeal constitutes an independent and adequate ground" to support the procedural default of a federal claim for purposes of federal habeas review. *Sherrill v. Hargett*, 184 F.3d 1172, 1175 (10th Cir. 1999); *see also Cole v. Trammell*, 755 F.3d 1142, 1159 (10th Cir. 2014) (stating that the independence of Oklahoma's waiver rule is "beyond dispute"). More relevant here, the Tenth Circuit also has held that "[t]he Oklahoma requirement that a claim of ineffective assistance of trial counsel be raised on direct appeal is an adequate ground for procedural default if (1) the defendant's counsel on direct appeal is different from trial counsel and (2) the claims can be resolved on the trial record alone." *Welch v. Workman*, 639 F.3d 980, 1012 (10th Cir. 2011).

As to the first requirement, the Tenth Circuit has explained that "whether trial and appellate attorneys from the same 'office' should be deemed 'separate' counsel will turn on the specific circumstances." *Cannon v. Mullin*, 383 F.3d 1152, 1173 (10th Cir. 2004). But a petitioner asserting that trial and appellate attorneys should not be deemed as separate counsel bears some burden to "provide specific allegations" supporting that assertion. *Cuesta-Rodriguez v. Carpenter*, 916 F.3d 885, 901 (10th Cir. 2019). As to the second requirement, if the claim cannot be resolved on the trial record alone, a

petitioner bears some burden to show that Oklahoma's rule for presenting extra-record evidence on direct appeal, Rule 3.11, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App., did not provide an adequate mechanism for the petitioner to present the ineffective assistance of trial counsel claim on direct appeal.  *Cole*, 755 F.3d at 1159; *Welch*, 639 F.3d at 1014.

In response to Respondent's argument that claim three is procedurally defaulted based on Oklahoma's waiver rule, Gleason makes only one discernible argument as to why he did not raise his *Strickland* claim on direct appeal.  In his Amended Petition, Gleason asserts that, due to trial counsel's alleged deficiencies, "appellate counsel had no reasonable belief [the *Strickland* claim] even existed when nothing was indicated of record in any of the State Court's proceedings." [ECF No. 22 at 10-11].[8]

For two reasons, this argument falls short of refuting Respondent's position that Gleason procedurally defaulted the *Strickland* claim.  First, as Respondent contends, Gleason had separate counsel—Stuart Southerland and Sophia Johnson at trial, and Richard Couch on direct appeal.  [ECF No.

---

[8] Gleason does not mention claim three in his Reply Brief much less address Respondent's argument that he procedurally defaulted this claim. [ECF No. 39].

22 at 33-34].  And while all three attorneys work in the same office, Gleason neither argues his trial and appellate attorneys should not be deemed separate counsel nor makes any specific allegations that this Court could liberally construe as supporting that argument.  [*Id.*; *see* ECF Nos. 21 and 39, generally].  Second, even accepting Gleason's view that nothing in the state court record would have indicated to appellate counsel that Gleason had a potential *Strickland* claim (as alleged in claim three), Gleason makes no identifiable argument that Oklahoma's mechanism for considering extra-record evidence on direct appeal, i.e., Rule 3.11, renders the application of Oklahoma's waiver rule inadequate in his case.  [*Id.*].[9]  For these reasons, the Court finds that Gleason procedurally defaulted claim three.

The Court further finds that Gleason has not shown that he can overcome the procedural default.  As previously stated, to obtain review of his procedurally defaulted claim Gleason must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law,

---

[9] Further, Gleason offers no explanation for why he could not have alerted appellate counsel to his concerns that trial counsel allegedly failed to investigate his mental health history and failed to adequately advise him regarding lesser included offense instructions.  [ECF Nos. 21, 39].  As the state district court found, both alleged deficiencies would have been known to Gleason no later than the end of his trial.  [ECF No. 22-3 at 2].

or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Gleason does not expressly address Respondent's procedural default argument, and the Court could decide on that basis alone that he has not overcome the procedural default of claim three. Nonetheless, the Court has liberally construed his Amended Petition and Reply Brief to determine whether any of his allegations could support the showings necessary under *Coleman*. The Court finds none.

To the extent Gleason's reference to appellate counsel's failure to raise the *Strickland* claim could be viewed as an assertion of "cause," there is no evidence in the record that Gleason has presented or prevailed on a claim in state court that appellate counsel provided constitutionally deficient representation. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). The *Edwards* Court acknowledged that counsel's deficient performance may be sufficient to establish cause for a procedural default but clarified that "ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim" and must "be first raised in state court" to satisfy § 2254(b)(1)(A)'s exhaustion requirement. *Id.*

Generously reading the Reply Brief, Gleason also appears to suggest through his presentation of the factual background that he is innocent. [ECF No. 39 at 2-4]. The miscarriage of justice exception that permits review of procedurally defaulted claims "is a markedly narrow one, implicated only in 'extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999)). Ordinarily, to invoke this exception, a petitioner must "present 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial,'" and must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Fontenot v. Crow*, 4 F.4th 982, 1030-31 (10th Cir. 2021) (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995)). Gleason, however, presents no new evidence. Instead, he questions the credibility of witnesses and the sufficiency of the evidence that was presented at trial. [ECF No. 39 at 2-4]. Even a generous reading of Gleason's Reply Brief reveals no credible claim of actual innocence.

For these reasons, the Court concludes that Gleason procedurally defaulted claim three and has not overcome the procedural default.  The Court thus denies the Amended Petition as to claim three.

### III. Conclusion

For the reasons stated, the Court concludes that Gleason has not shown any basis warranting federal habeas relief.  The Court thus denies the Amended Petition and declines to issue a certificate of appealability.  *See* 28 U.S.C. §§ 2253(c), 2254(a); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (discussing standards for issuing certificate of appealability).

**IT IS THEREFORE ORDERED** that the Amended Petition [ECF No. 21] is DENIED; a certificate of appealability is DENIED; and a separate judgment shall be entered in this matter.

**IT IS FURTHER ORDERED** that the Clerk of Court shall note on the record the substitution of David Louthan in place of Janet Dowling as party Respondent.

**IT IS SO ORDERED** this 12th day of November, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE